# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

DOMINGA DIEGO TOMAS, )
)  Case No. 3:26-cv-108
    *Petitioner*, )
)  Judge Travis R. McDonough
v. )
)  Magistrate Judge Jill E. McCook
CHRISTOPHER S. BULLOCK[1] and TOM )
SPANGLER, )
)
    *Respondents*. )
)

---

## ORDER

---

Petitioner, an immigration detainee, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241 seeking immediate release (Doc. 1, at 8). For the reasons set forth below, Petitioner shall have **ten days** from entry of this order to show good cause as to why the Court should not dismiss the petition as moot.

According to Respondent Bullock, "Petitioner is a native and citizen of Guatemala" who entered the United States, of which she is not a citizen, on March 21, 2021. (Doc. 6, at 2.) On February 22, 2026, ICE Enforcement Removal Officers encountered Petitioner at the Knox County Detention Facility, where she was detained for a charge of domestic assault. (*Id.*) On an unspecified date, the domestic assault charge against Petitioner was dismissed. (*Id.*) On March 11, 2026, ICE took custody of Petitioner, and she was served with a "Notice to Appear charging

---

[1] Current Field Director of the New Orleans Field Office of Immigration and Customs Enforcement ("ICE"), Christopher S. Bullock, is automatically substituted for named Respondent Scott Ladwig. *See* Fed. R. Civ. P. 25(d).

her with being 'an alien present in the United States who has not been admitted or paroled,' and ordering her to appear before an immigration judge in Jena, Louisiana on March 31, 2026." (*Id.*)

Also on March 11, 2026, while Petitioner was still detained in Knox County, she filed the instant petition for § 2241 relief (Doc. 1). In the petition, she first states that federal authorities are holding her on an immigration charge, that she is challenging her "immigration detention," and that she "challenge[s] [her] continued detention because the charges against [her] were dismissed and [she has] a pending asylum claim." (*Id.* at 1–2.) But Petitioner subsequently indicates that this case does not concern immigration proceedings. (*Id.* at 5.) Additionally, Petitioner's only substantive claims for relief under § 2241 state as follows: (1) Petitioner is being unlawfully detained because the criminal charges for domestic violence that led to her arrest and detention have been dismissed; and (2) Petitioner's detention violates her right to due process because she is a mother to two children who depend on her, and she left them to buy formula and ask their father for money, but he accused her of domestic violence. (*Id.* at 6–7.) As relief, Petitioner seeks: (1) her release; (2) a declaration that her detention based on dismissed charges is not a valid reason for her detention; and (3) "any and all other relief this [C]ourt deems just and proper." (*Id.* at 8.)

Respondent Bullock's response to the petition indicates that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2); that the government's interpretation of § 1225(b)(2) as mandating detention of Petitioner is consistent with *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018); the *Bautista v. Santacruz*, No. 5:25-cv-01873, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025) opinion is not binding in this Court; the Laken Riley Act does not preclude the government from detaining Petitioner under § 1225(b)(2); Petitioner has been provided with due process; and even if the Court finds that 8 U.S.C. § 1226(a) applies to Petitioner's confinement,

it cannot release Petitioner but instead can only order that an immigration judge hold a bond hearing. (*See generally* Doc. 6.)

In short, Respondent Bullock interprets Petitioner's petition to challenge her detention under § 1225(b)(2) and/or to seek a bond hearing under § 1226(a). However, even liberally construing the petition in her favor, Petitioner has not requested that the Court order a bond hearing for her or explained her implied assertion that she cannot be detained due to her pending asylum claim, and her claims for relief under § 2241 are based on the lack of criminal charges against her, rather than arguments regarding § 1225(b)(2) and § 1226(a). Thus, as the record now establishes that Petitioner is confined under § 1225(b)(2) pending removal proceedings, Petitioner is **ORDERED** to show good cause **within ten days** of entry of this order as to why the Court should not dismiss this action as moot. If Petitioner fails to timely comply with this order, this action will be **DISMISSED** without further notice.

Also, the Clerk is **DIRECTED** to send a copy of this order to Petitioner at the South Louisiana ICE Processing Center, 3843 Stagg Avenue, Basile, LA 70515, as that appears to be her current location. *See* Online Detainee Locator System, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, https://locator.ice.gov/odls/#/details (last visited March 30, 2026).

However, Petitioner is **NOTIFIED** that the Court will not again search for her current location, and she is **ORDERED** to immediately inform the Court and Respondents of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court **within fourteen days** of any change in address will result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**