# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| DOMINGA DIEGO TOMAS, | ) | |
| | ) | Case No. 3:26-cv-108 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| CHRISTOPHER S. BULLOCK and TOM | ) | |
| SPANGLER | ) | |
| | ) | |
| *Respondents*. | ) | |

## MEMORANDUM OPINION

Petitioner, an immigration detainee, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241 in the form of immediate release (Doc. 1, at 15). On March 31, 2026, the Court entered an order noting that, even liberally construing the petition in her favor, it does not request that the Court order a bond hearing for Petitioner or explain her implied assertion that she cannot be detained due to her pending asylum claim, and her claims for relief under § 2241 are based on the lack of criminal charges against her, rather than arguments regarding § 1225(b)(2) and § 1226(a)( (Doc. 8 on 3). Thus, as the record then established that Petitioner is confined under § 1225(b)(2) pending removal proceedings, the Court: (1) ordered Petitioner to show good cause within ten days as to why the Court should not dismiss this action as moot; (2) warned her that if she failed to timely comply with this order, this action would be dismissed without further notice; and (3) directed the Clerk to send a copy of the order to Petitioner at the address for her that the Court looked up through the United States Immigration and Customs Enforcement Online Detainee Locator System ("ICE address") (*id.*).

More than thirty days have passed, and Petitioner has not complied with the Court's previous order or otherwise communicated with the Court. Accordingly, for the reasons set forth below, the Court will **DISMISS** this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under Rule 41(b), the Court may dismiss a case due to a litigant's failure "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

First, the record indicates that Petitioner's failure to timely comply with the Court's previous order was due to her willfulness or fault, as it appears that she received the order at the ICE address to which the Clerk sent it[1] and chose not to comply. Second, Petitioner's failure to comply with the Court's order has not prejudiced Respondents. Third, the Court's previous order expressly warned Petitioner that failure to comply therewith would result in the dismissal

---

[1] While the United States Postal Service returned the Clerk's mail to Plaintiff at the Roger D. Wilson Detention Facility, which is the address from which she filed her petition, as undeliverable [Doc. 9], it did not return the Court's mail to Petitioner at the ICE address.

2

of this action [*Id.*].  Finally, the Court concludes that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's unambiguous instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."  *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991).  Petitioner's pro se status did not prevent her from complying with the Court's prior order, and this status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, for the reasons set forth above, this action will be **DISMISSED** pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Court must now consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal.  28 U.S.C. § 2253(c)(1).  A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  As jurists of reason would not debate the Court's finding that this action should be dismissed under Rule 41(b) based on Petitioner's failure to prosecute this action, a COA **SHALL NOT ISSUE**.  The Court also **CERTIFIES** that any

3

appeal from this action would not be taken in good faith and would be totally frivolous.  Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4